Per Curiam.

This proceeding involving custody of a child has unusual features, which have given us much concern. Due to the death of his mother and circumstances which prevented his father keeping him at home, this child, three and a half years of age, has, since birth, been in the custody of a maternal aunt, who admittedly has given him proper and suitable care. Indeed, the attachment of the aunt to the child and her close supervision of the child have raised in the father fears of alienation of the child’s affections, which fears Special Term has found to be well founded. In order to guard his interests, which are entirely proper, the father has felt it desirable to change the custody of the child, but he is still unable to take the child into his own *566 home, and therefore proposes to place it with his brother and wife, who would unquestionably give the child a good home, but who are virtual strangers to the child.
We have a serious question as to what may be the effect on the child of this change of custody and living conditions. While Special Term found that the child’s best interests would not be affected in giving custody to the father, we gain the impression from the decision that the court, although recognizing the paramount consideration of the child, regarded the case primarily from the viewpoint of the rights of the father. We do not wish to minimize those rights and if the father were taking the child into his own home and himself giving it the usual parental care, we would have no hesitancy in affirming the award of custody to the father. Under the peculiar circumstances here, however, custody is being awarded not so much to the father as to a paternal uncle rather than a maternal aunt. It may be that the child’s best interests will not be affected by the change and that the father’s desires should therefore prevail. We think, however, that closer consideration should be given to the welfare of the child, less colored by a consideration of the father. The case is one where if either party may see fit to call him, the observations and opinion of a doctor or child specialist might be helpful, particularly if one is available who has attended the child.
We do not mean to suggest that a different result should be reached than was reached by Special Term in the first instance, but we are moved to remand the matter for the taking of any further testimony which may appear desirable and for further consideration of the welfare of the child under the circumstances.
The order should be reversed and the matter remanded to Special Term for further proceedings in accordance with this opinion.
Peck, P. J., Glennon, Callahan and Van Voobhxs, JJ., concur'; Dobe, J., dissents and votes to affirm.
Order reversed and the matter remanded to Special Term for further proceedings in accordance Avith the opinion herein. Settle order on notice.